**XIAO YAN HU, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General Respondent.

No. 03–41180–AG.

United States Court of Appeals, Second Circuit.

March 28, 2006.

David X. Feng, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Catherine A. Walter, Assistant United States Attorney, Topeka, Kansas, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiao Yan Hu, a native and citizen of China, petitions for review from a final order of removal denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See*

Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

In this case, the IJ found Chen's testimony incredible because, among other things: (1) Hu was unable to explain her inconsistent testimony regarding when the family planning authorities first came to her home; and (2) there were significant discrepancies between Hu's testimony and the State Department's Asylum Profile. The IJ properly considered the inconsistencies between Hu's testimony and the country reports as part of his overall determination that she was not credible. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir. Jan.6, 2006). The IJ reasonably determined that Hu failed to present sufficient evidence to indicate that she had experienced any problems in China. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)).

Additionally, the IJ noted that Hu did not present any documentary evidence to indicate that she has a child born to her in China. In the instant case, Hu was not otherwise credible and the IJ did not base his denial of Hu's asylum claim solely on the lack of corroboration. *See Xiao Ji Chen*, 434 F.3d at 164. The IJ's denial of Hu's asylum and withholding claims was reasonably based on uncorroborated, noncredible testimony.

In her petition for review, Hu claims that she will be tortured if she returns to China because she left China illegally with the help of smugglers. In her appeal to the BIA, Chen failed to challenge the IJ's

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the Respondent in this case.

denial of her CAT claim and omitted any claim based on her fear of returning to China; therefore, this Court lacks the jurisdiction to review the CAT claim. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).